IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Le'Andre Dion Budden, | ) | Civil Action No. 8:18-1159-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER AND OPINION |
| | ) | |
| United States of America Beth Drake, | ) | |
| Mrs. Daniels, Mr. Van Sickle, Mr. Keys,[1] | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 56) recommending the Court grant Defendants Drake, Daniels and Van Sickle's (the "Federal Defendants") motion to dismiss, or in the alternative, for summary judgment (Dkt. No. 28), and grant Defendant Keyes' motion for summary judgment (Dkt. No. 48). For the reasons set forth below, the Court adopts in part and declines to adopt in part the R & R, adopts the recommendation of the Magistrate Judge, and the Court grants the Defendants' motions for summary judgment (Dkt. Nos. 28, 48).

I. **Background**

The Court adopts the relevant facts as outlined in the R & R. (Dkt. No. 56 at 1 – 6.)[2] Plaintiff filed this 42 U.S.C. § 1983 and *Bivens* action when he was in pre-trial detention at the Lexington County Detention Center ("LCDC"). Plaintiff Budden alleges that he was injured by ATF agents when he was arrested during a scheduled visit with his probation officer. (Dkt. No. 1

---

[1] This caption reflects the parties currently remaining in the action. On September 5, 2018, "Two Unknown ATF Agents" were dismissed from this action. (Dkt. No. 33.) Additionally, Defendant Keyes uses this spelling of his name rather than the one found in the caption. (Dkt. No. 48.)

[2] Plaintiff's objections to the R & R's factual findings are discussed in the relevant legal sections.

at 9.) Further, while in pretrial detention at LCDC, Plaintiff alleges that he was denied medical attention and that Defendant Keyes, a sergeant at LCDC, ultimately placed him in lock up in retaliation for requesting medical care. (*Id.* at 6.) Plaintiff ultimately received an x-ray and ultrasound at LCDC. (*Id.* at 10 – 11.) Plaintiff was transferred to Federal Correctional Institution – Butner ("FCI Butner") on October 3, 2017, for a psychiatric study, where Plaintiff alleges that Defendant Van Sickle, a nurse at FCI Butner, and Defendant Daniels, the Assistant Administrator of Health Services, were deliberately indifferent to his medical needs and did not provide adequate care for his medical conditions, which included lymphoma, back pain, and a blistering rash all over his body. (*Id.* at 10 – 12.) Plaintiff also names Beth Drake as a Defendant, an Assistant United States Attorney, who was allegedly involved in his transfer to FCI Butner. (*Id.* at 11.) At FCI Butner, Plaintiff was seen by medical providers, including Defendant Van Sickle and a doctor, on multiple occasions from October 4, 2017, through November 29, 2017, and received testing and treatment including a blood draw, CT Scan, and a prescription for his rash. (Dkt. Nos. 28-2; 58-1.) Plaintiff was transferred out of FCI Butner on December 4, 2017, when the psychiatric study concluded. (Dkt. No. 28-1.)

The Federal Defendants filed a motion to dismiss, or in the alternative for summary judgment, on August 30, 2018. (Dkt. No. 28.) Defendant Keyes, the sole state defendant, filed a motion for summary judgment on November 8, 2018. (Dkt. No. 48.) Plaintiff opposes both motions. (Dkt. Nos. 43, 53.) On February 7, 2019, the Magistrate Judge issued an R & R which recommended granting both motions. (Dkt. No. 56.) Plaintiff filed objections. (Dkt. No. 58.)

## II. <u>Legal Standard</u>

### A. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404

2

U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

B.  **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff filed objections, and the R & R is therefore reviewed *de novo*.

C.  **Summary Judgment[3]**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying

---

[3] Pursuant to Fed. R. Civ. P. 12(d), because both parties presented matters outside of the pleadings, Respondent's motion is treated as one for summary judgment.

3

the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id. quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### III. <u>Discussion</u>

To begin with, as the Magistrate Judge correctly noted, Plaintiff has not exhausted his claim against Defendant Keyes, the sole state defendant in the case, and therefore Defendant Keyes is entitled to summary judgment. The Prison Litigation Reform Act ("PLRA") mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit under § 1983. 42 U.S.C. § 1997e(a). It is the defendant's burden to establish that a plaintiff failed to exhaust his administrative remedies. *See Wilcox v. Brown*, 877 F.3d 161, 167 (4th Cir. 2017). The administrative remedies are dictated by the prison. *See Jones v. Bock*, 549 U.S. 199, 218 (2007).

4

Defendant Keyes presented uncontroverted evidence that, pursuant to LCDC policy, detainees must file a grievance within three days of an occurrence they wish to complain about, and must appeal any response within five days. (Dkt. No. 48-2.) Here, there is no evidence that Plaintiff filed any relevant grievance. Defendant Keyes presented evidence that Plaintiff only filed one grievance at LCDC, on April 5, 2018, long after the required three days, and unrelated to the allegations contained in the Complaint. Plaintiff, however, objects and argues that he did file a grievance earlier, and submitted evidence that he possibly initiated the process to file a grievance on November 27, 2017, while at FCI Butner. (Dkt. No. 58-1.) However, the "Attempt at Informal Resolution" form submitted by Plaintiff does nothing to create a dispute of material fact that he failed to exhaust his administrative remedies for his detention at LCDC. First, the form is from FCI Butner, not LCDC, and was issued long after the three days required by LCDC's policies. Second, the form was never submitted, and while the form was given to Plaintiff on November 27, 2017, the form was not completed by a counselor, or signed and dated by Plaintiff. Finally, and most importantly, the form did not relate to Defendant Keyes, who allegedly placed him in lock up for requesting medical care, or Plaintiff's detention at LCDC. Therefore, Defendant Keyes is entitled to summary judgment because of Plaintiff's failure to exhaust his administrative remedies.[4]

Plaintiff's Complaint claims it is seeking damages against the Federal Defendants in both their official and individual capacities. (Dkt. No. 1.) However, as a *Bivens* claim for damages is not available against the United States, its agencies or public officials in their official capacities,

---

[4] As the Magistrate Judge correctly noted, even if Plaintiff had exhausted his administrative remedies, Defendant Keyes would be entitled to summary judgment to the extent he is sued in his official capacity as he was an employee of the Sheriff of Lexington County, a state agency, and the claim is therefore barred by the Eleventh Amendment. *See* S.C. Code Ann. § 15-78-20; *Gulledge v. Smart*, 691 F. Supp. 947, 954 – 55 (D.S.C. 1988).

the Court grants summary judgment on the claims against the Defendants in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend a *Bivens* remedy to federal agencies); *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) ("a *Bivens* action does not lie against either agencies or officials in their official capacity").

Regarding claims against the Federal Defendants in their individual capacities, Defendant Van Sickle is entitled to absolute immunity under the Public Health Services Act, 42 U.S.C. § 233, as the exclusive remedy against a member of the Public Health Service is the Federal Tort Claims Act. *See Hui v. Castaneda*, 559 U.S. 799, 806 (2010). It is undisputed that Defendant Van Sickle is a member of the Public Health Service. (Dkt. No. 28-1.) Defendant Drake is entitled to absolute prosecutorial immunity as the allegations relate solely to actions taken as an Assistant United States Attorney. *See Nivens v. Gilchrist*, 444 F.3d 237, 250 (4th Cir. 2006) *citing Imbler v. Pachtman*, 424 U.S. 409 (1976).

Finally, as the Magistrate Judge correctly held, Defendant Daniels, the Assistant Administrator of Health Services, is entitled to qualified immunity since there is no dispute of material fact that Daniels did not act with deliberate indifference towards Plaintiff's medical needs. Under the doctrine of qualified immunity, officials may be shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights. Government officials do not enjoy qualified immunity if, based on controlling precedent or "a robust consensus of cases of persuasive authority," *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (citation omitted), "it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted," *Saucier v. Katz*, 533 U.S. 194, 201 – 02, (2001).

In assessing whether Defendant Daniels' conduct was lawful, the Magistrate Judge assessed the allegations under the Eighth Amendment. However, as the Supreme Court held,

where a Plaintiff is a pre-trial detainee, "the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment." *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) ("Because [plaintiff] was a pretrial detainee and not a convicted prisoner at the time of the alleged denial, this claim is governed by the due process clause of the fourteenth amendment rather than the eighth amendment's prohibition against cruel and unusual punishment."). Therefore, the Court declines to adopt the Magistrate Judge's discussion of the Eighth Amendment.

Nonetheless, the standard for assessing whether Plaintiff received adequate medical care under the Fourteenth Amendment is the same as under the Eighth Amendment, specifically: "whether a government official has been 'deliberately indifferent to any [of Plaintiff's] serious medical needs.'" *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001) (citations omitted). To establish a claim of deliberate indifference, a Plaintiff must establish two requirements: first, that the deprivation is "sufficiently serious," and; second, that the official has a "sufficiently culpable state of mind," namely, "deliberate indifference." *Id.* at 388 – 389. Here, viewing the record in the light most favorable to Plaintiff, there is no evidence indicating that Defendant Daniels acted with deliberate indifference. To begin with, Daniels did not directly provide any medical care, and, regardless, shortly after arriving at FCI-Butner, Plaintiff had undergone a CT scan, received a surgical consult, a urinalysis, appointments regarding his blisters and a prescription for his blisters. (Dkt. No. 28-2.) In general, Plaintiff identifies no evidence in the record that would show that Daniels believed that Plaintiff was not receiving appropriate treatment and care at any point.

Plaintiff, in his objections, includes a subset of the medical records Defendants previously provided, and noted some disagreement with the nurse and doctor's medical decisions. (Dkt. No. 58.) Yet, in assessing deliberate indifference, "a prisoner does not enjoy a constitutional right to

the treatment of his or her choice...." *Heyer v. United States Bureau of Prisons*, 849 F.3d 202, 211 (4th Cir. 2017) (holding ultimately that "the treatment a prison facility does provide must nevertheless be adequate to address the prisoner's serious medical need.") Here, the record evidence solely shows that the Plaintiff was receiving adequate care, and Plaintiff presents no evidence to indicate Defendant Daniels had any reason to believe that Plaintiff was not receiving adequate care. Therefore, Defendant Daniels is entitled to qualified immunity.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART**[5] the R & R, and **ADOPTS** the Recommendation of the Magistrate Judge (Dkt. No. 56). Defendants Drake, Daniels and Van Sickle's motion to dismiss, or in the alternative, for summary judgment (Dkt. No. 28) is **GRANTED**, and Defendant Keyes' motion for summary judgment (Dkt. No. 48) is **GRANTED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 1?, 2019
Charleston, South Carolina

---

[5] The Court only declines to adopt the Magistrate Judge's discussion of the Eighth Amendment, on Pages 11 to 13 of the R & R, for the reasons discussed above.